07-4205-cv
Lamay v. Commissioner of Social Security

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

_____

August Term, 2008

(Submitted: December 22, 2008                                    Decided: April 14, 2009)

Docket No. 07-4205-cv

_____

Crystal Lamay, o/b/o Kyle Phillips-Dowler,

*Plaintiff-Appellant*,

– v. –

Commissioner of Social Security, Michael J. Astrue,

*Defendant-Appellee*.

_____

Before: NEWMAN, CALABRESI, and SACK, *Circuit Judges*.

Appeal from the judgment of the United States District Court for the Northern District of New York granting Defendant-Appellee Commissioner of Social Security's motion for judgment on the pleadings and dismissing Plaintiff-Appellant Lamay's complaint. We conclude that disclosures regarding the statutory right to counsel in social security hearings beyond those mandated by statute may well be salutary, but are not required. Because Lamay received the statutorily required disclosures, her waiver of counsel before the Administrative Law Judge was valid, and the judgment of the District Court is AFFIRMED.

> Howard D. Olinsky (Jaya A. Shurtliff, on the brief), Olinsky & Shurtliff, LLP, Syracuse, N.Y., *for Plaintiff-Appellant* (*on submission*).
>
> Ellen E. Sovern, Special Assistant U.S. Attorney (Barbara L. Spivack, Chief Counsel - Region II, Office of the

General Counsel, Social Security Administration, *of counsel*), Glenn T. Suddaby, United States Attorney for the Northern District of New York, Syracuse, N.Y., *for Defendant-Appellee* (*on submission*).

---

CALABRESI, *Circuit Judge*:

Plaintiff-Appellant Crystal Lamay, on behalf of her son Kyle, appeals from the judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*) granting Defendant-Appellee Commissioner of Social Security ("Commissioner") judgment on the pleadings and dismissing Lamay's complaint. Lamay had complained in the District Court that the judgment of the Administrative Law Judge ("ALJ") denying her petition for supplemental security income on behalf of Kyle was in error because her waiver of counsel was not knowing and voluntary and because the ALJ failed to meet his duty to develop the record. For the reasons that follow, we conclude that, although the disclosures for which Lamay argues, which go beyond those mandated by statute, may be *salutary*, such disclosures are not *required* for a knowing and voluntary waiver of counsel. Given that the statutory minimum disclosure requirements were met, Lamay was adequately informed of her right to counsel and so must be deemed knowingly and voluntarily to have waived that right. Accordingly, we affirm the judgment of the District Court.

## BACKGROUND

Because the facts and procedural posture of this case have already been set out in some detail by the District Court, *see Lamay v. Astrue*, No. 5:05-cv-0845 (N.D.N.Y. Aug. 22, 2007), and the Magistrate Judge's Report & Recommendation, *see Lamay v. Astrue*, No. 5:05-cv-0845

(N.D.N.Y. July 31, 2007), we set forth below only such facts as are relevant to this appeal. In January 2003, Lamay protectively filed an application for Supplemental Security Income ("SSI") benefits for her son, K.P. K.P. was born on August 18, 1997. Lamay alleged that K.P. had been disabled since January 6, 2003 due to attention deficit hyperactivity disorder ("ADHD"); developmental delays in speech, language, and motor skills; headaches; and asthma. The Agency denied her application, and Lamay thereafter requested a hearing before an ALJ. A hearing was held on September 27, 2004, at which Lamay appeared *pro se*.

On three separate occasions prior to that hearing, Lamay received written notification of her right to be represented by counsel before the ALJ.

- When the Agency initially denied K.P.'s application, it sent a notice of the adverse determination and advised Lamay:

  **If You Want Help With Your Appeal**

  You can have a friend, lawyer, or someone else help you. There are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with your appeal.

  If you get someone to help you, you should let us know. If you hire someone, we must approve the fee before he or she can collect it.

- On the form titled "Request for Hearing by Administrative Law Judge," the following language appeared: "You have a right to be represented at the hearing. If you are not represented but would like to be, your Social Security office will give you a list of legal referral and service organizations." (Significantly, an Agency employee, in completing the Acknowledgment of Request for Hearing, indicated that Lamay was unrepresented

and had been provided with a list of legal referral and service organizations. Lamay has not contested receipt of this list.)

- In the Notice of Hearing sent to Lamay, the Agency advised Lamay:

**You May Choose To Have A Person Represent You**

If you want to have a representative, please get one right away. You should show this notice to anyone you may appoint. You or that person should also call this office to give us his or her name, address, and telephone number.

Lamay's hearing with the ALJ took place via videoconference. At the beginning of the hearing, the ALJ and Lamay engaged in the following exchange, punctuated by technical difficulties, regarding Lamay's right to counsel:

**ALJ:** I do need to inform you that you do have the right to legal counsel. If you wanted a lawyer and wanted to have a postponement of today's hearing, I would allow you to have such a postponement. On the other hand, you're not required to have a lawyer. So if you wish to present your case today without a lawyer, that's fine also. I want you to realize that you have both options.

**Hearing Reporter:** You're breaking up again, Your Honor.

**ALJ:** I want you to realize that you have both options, either continue with the hearing today or—

**Hearing Reporter:** It's not working and we have little lightning strikes on the screen.

**ALJ:** Okay. Try it again. I will make sure that you know [INAUDIBLE] either to have a postponement of the hearing and get a lawyer or you can [go] forward with the hearing today. It's your choice.

**Lamay:** Go forward, please, Judge.

**ALJ:** You want to go forward?

**Lamay:** Please.

**ALJ:** Okay. Again, I find that the Claimant's mother has waived her right to

-4-

counsel [INAUDIBLE] case.

On January 5, 2005, the ALJ issued a decision finding that K.P. was not disabled within the meaning of the Social Security Act. Lamay filed a *pro se* Request for Review by the Appeals Council, which the Appeals Council denied on May 5, 2005. Following the Appeals Council's denial, Lamay obtained counsel and filed this civil action in the United States District Court for the Northern District of New York. The case was referred to a Magistrate Judge, who issued a Report & Recommendation ("R&R") on July 31, 2007, recommending that the Commissioner's motion for judgment on the pleadings be granted, the Commissioner's determination of no disability be affirmed, and Lamay's complaint be dismissed. The District Court adopted the R&R in full. Lamay timely filed this appeal.

**DISCUSSION**

On appeal, Lamay renews her interrelated claims (a) that she did not knowingly and voluntarily waive the right to representation and (b) that, as a result, K.P. was prejudiced since the ALJ failed to meet his heightened duty to develop the record. In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard. 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). We undertake a plenary review of the administrative record, and our focus is on the administrative ruling more than on the district court's decision. *See Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir.1990).

## A.

Although a claimant does not have a constitutional right to counsel at a social security disability hearing, she does have a statutory and regulatory right to be represented should she choose to obtain counsel. 42 U.S.C. § 406; 20 C.F.R. § 404.1705. If properly informed of this right, a claimant may waive it. Lamay contends that her waiver of counsel was invalid because she was not given important information relevant to her decision to proceed *pro se*. In her argument, she urges this Court to adopt a more rigorous standard of disclosure for a valid waiver of counsel than the minimum disclosures required by statute.

The applicable statute and regulations state that, when notifying a claimant of an adverse determination, the Commissioner of Social Security (or his agent for these purposes) must "notify [the] claimant in writing" of (1) her "options for obtaining [an] attorney[] to represent [her]" at her hearing, and (2) "the availability . . . of . . . organizations which provide legal services free of charge" to "qualifying claimants." 42 U.S.C. §§ 406(c), 1383(d)(2)(D); *see also* 20 C.F.R. § 404.1706. Moreover, at the hearing itself, "the ALJ must ensure that the claimant is aware of [her] right [to counsel]." *Robinson v. Sec'y of Health & Human Servs.*, 733 F.2d 255, 257 (2d Cir. 1984).

Some Circuits, however, have required broader disclosures than those mandated by statute. *See, e.g.*, *Binion v. Shalala*, 13 F.3d 243 (7th Cir. 1994); *Edwards v. Sullivan*, 937 F.2d 580 (11th Cir. 1991); *Thompson v. Sullivan*, 933 F.2d 581, 584 (7th Cir. 1991); *Clark v. Schweiker*, 652 F.2d 399 (5th Cir. Unit B 1981). For a waiver of counsel to be valid, these Circuits require that a pro se claimant be informed of "(1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3)

the limitation on attorney fees to 25 percent of past due benefits and required court approval of the fees." *Binion*, 13 F.3d at 245. Some district courts in this Circuit have adopted similar requirements, *see Frank v. Chater*, 924 F. Supp. 416, 423-24 (E.D.N.Y. 1996) (discussing and adopting this standard), while others have rejected them, *see Johnson v. Barnhart*, No. 03 Civ. 4606, 2006 U.S. Dist. LEXIS 22096, at *24-25 (S.D.N.Y. Apr. 20, 2006) (noting that district courts in this Circuit have both followed, and not followed, *Frank*).

This Court has not yet adopted or rejected enhanced disclosure requirements in a precedential opinion. *See Johnson*, 2006 U.S. Dist. LEXIS 22096, at *25 ("The Second Circuit has not held, thus far, that a specific litany must be utilized in ensuring that the plaintiff understands his right to be represented by counsel."). And both the Magistrate Judge and District Court in the case before us noted the lack of a Circuit rule on this point. We address this issue now.

We conclude that we should not make mandatory the additional disclosures required by the Fifth, Seventh, and Eleventh Circuits. The tests employed in these circuits were all developed before the statutory language quoted above was enacted. Sections 406 and 1383 were amended to add that language by Pub. L. No. 101-239, which was adopted on December 19, 1989. The language first appeared in the Code in 1990, and became effective on January 1, 1991. *See* Pub. L. No. 101-239, Title X, § 10307(b)(1), (b)(3) [for § 406], § 10307(b)(2)(B), (b)(3) [for § 1383], 103 Stat. 2485 (1989).[1] None of the cases cited in *Frank*[2] mentions either

---

[1] Pub. L. No. 101-239 introduced slightly different language than that in use today, but the differences are irrelevant here. The language that took effect in 1991 was: "The Secretary shall notify each claimant in writing, together with the notice to such claimant of an adverse determination, of the options for obtaining attorneys to represent individuals in presenting their cases before the Secretary. Such notification shall also advise the claimant of the availability to

Section 406(c) or Section 1383(d)(2)(B) or (D), nor do they cite any other statutory authority regarding the proper contents of a claimant's notification of a right to counsel. The reason for this seems to be simply that the leading cases cited date from before the notice requirements took effect in 1991, and at a time when no similar statutory language relating to the right to counsel seems to have been in place. Later cases in the Fifth, Seventh, and Eleventh Circuits did no more than rely on the earlier cases, without mention of the intervening statutory amendments and additions. The Fifth, Seventh, and Eleventh Circuit tests adopted by *Frank* therefore appear to have been no more than judicially created attempts to ensure, in the absence of statutory instruction, that a waiver of the right to counsel was knowing and voluntary. *See, e.g.*, *Thompson*, 933 F.2d at 584.

In light of this history, we decline to impose the three-part test employed in *Frank* and by the Fifth, Seventh, and Eleventh Circuits. We are cognizant that, in taking this view, we engender a split among the Circuits. Nonetheless, we believe that the creation of statutory notice requirements in Sections 406(c) and 1383(d)(2)(B/D) supplanted prior judicially-created standards and that the statutory requirements are all that we can apply.

---

qualifying claimants of legal services organizations which provide legal services free of charge." The change in phrasing (from "Secretary" to "Commissioner of Social Security") appears to have been introduced in 1994. *See* Pub. L. No. 103-296, § 107(a)(4) (1994). In addition, the relevant language initially introduced in Section 1383(d)(2)(B) was moved to Section 1383(d)(2)(D) in 2004, where it remains.

[2] *Frank* cited *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994); *Edwards v. Sullivan*, 937 F.2d 580, 585 (11th Cir. 1991); *Thompson v. Sullivan*, 933 F.2d 581, 584 (7th Cir. 1991); *Smith v. Schweiker*, 677 F.2d 826, 828-29 (11th Cir. 1982); *Clark v. Schweiker*, 652 F.2d 399, 403 (5th Cir. Unit B July 1981); *Vaile v. Chater*, 916 F. Supp. 821, 828 (N.D. Ill. 1996); and Arthur J. Fried, *A Disability Appeal Primer: Appeals to Federal Court in Social Security and Supplemental Security Income Disability Cases*, 9 Soc. Sec. Rep. Serv. 971 (1985). *Frank*, 924 F. Supp. at 423-24.

We note additionally that social security hearings are not (or at least are not meant to be) adversarial in nature. "[I]t is the rule in our circuit that the [social security] ALJ, unlike a judge in a trial, must [on behalf of all claimants] . . . affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1999) (internal quotation marks omitted). The Commissioner of Social Security is not obligated to provide a claimant with counsel, but where a claimant proceeds *pro se*, the ALJ has a duty "to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Hankerson v. Harris*, 636 F.2d 893, 895 (2d Cir.1980) (internal quotation marks omitted); *accord Cruz*, 912 F.2d at 11 (describing an ALJ's "heightened duty"). In view of this heightened duty, the limited, yet clear, requirements for notification enacted by Congress seem both sensible and likely adequate.

This is not to say that the additional disclosures set forth in *Frank* and required in the Fifth, Seventh, and Eleventh Circuits are not salutary. As the court observed in *Frank*, "notification of the limitation on fees and the fee approval process . . . relates to a claimant's potential financial concerns," and accordingly it may be helpful to give such information "so as not to discourage a claimant from bringing a meritorious claim based on an apprehension that the award will be significantly diminished by legal fees." *Frank*, 924 F. Supp. at 424.

B.

Turning to the instant case, we hold that the information Lamay received was sufficient to meet to the statutory requirements of Sections 406(c) and 1383(d)(2)(D). When the Agency initially denied K.P.'s application, it sent a notice of the adverse determination and advised Lamay:

You can have a friend, lawyer, or someone else help you. There are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with your appeal.

The Request for Hearing by Administrative Law Judge form similarly stated, "You have a right to be represented at the hearing. If you are not represented but would like to be, your Social Security office will give you a list of legal referral and service organizations." And, as noted earlier, an Agency employee indicated that Lamay had been provided with a list of legal referral and service organizations.

These notices, although short and included among other information pertaining to Lamay's appeal and the request for a hearing, put Lamay sufficiently on notice that she could be represented by counsel, and that organizations existed that might provide, or help Lamay find, free or contingency-based representation. 42 U.S.C. §§ 406(c), 1383(d)(2)(D). Lamay was also given a list of such organizations. Accordingly, the notices fully satisfied the requirements of the relevant statutes and regulations.

The ALJ's discussion with Lamay at the hearing regarding the right to counsel was likewise sufficient to "ensure that the claimant is aware of [her] right [to counsel]." *Robinson*, 733 F.2d at 257. The record indicates that the ALJ stated, and Lamay heard, that she could "either . . . have a postponement of the hearing and get a lawyer or . . . [go] forward with the hearing today. It's your choice." Lamay indicated twice that she preferred to proceed, alone, immediately. Although this notice was punctuated by technical difficulties, we cannot say that Lamay was unaware of her right to counsel, or that she waived that right involuntarily or without knowledge.

We conclude that, because the additional disclosures set forth in *Frank* and mandated in the Fifth, Seventh, and Eleventh Circuits are salutary but not required in this Circuit, Lamay was sufficiently informed of her right to counsel and knowingly and voluntarily waived that right at the hearing before the ALJ.[3]

We have considered all of Lamay's claims and find them to be unavailing. Accordingly, the judgment of the District Court is AFFIRMED.

---

[3] Lamay also argues that K.P. suffered prejudice as a result of proceeding *pro se*, because the ALJ failed to fulfill his heightened duty to develop the record. We deal with this claim summarily, as we need not interpret new areas of law in deciding it. After examining the record with care, we conclude that this claim is without merit.