SUMMARY ORDER
Plaintiff Nicole Martin appeals from the district court’s affirmance (based on the magistrate judge’s January 8, 2008 recommendation) of the Commissioner’s denial of Martin’s application for Social Security Insurance and disability benefits. In reviewing the Administrative Law Judge’s (“ALJ”) denial of benefits, “[w]e undertake a plenary review of the administrative record, and our focus is on the administrative ruling more than on the district court’s decision.” Lamay v. Comm’r of Soc. Sec., 562 F.3d 503, 507 (2d Cir.2009). We will uphold the agency determination “if there is substantial evidence, considering the record as a whole, to support the Commissioner’s decision and if the correct legal standards have been applied.” Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir.2008) (internal quotation marks omitted); see 42 U. S.C. § 405(g) (stating that Commissioner’s factual findings are conclusive if supported by substantial evidence). “Substantial evidence” is “more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.” Lamay v. Comm’r of Soc. Sec., 562 F.3d at 507 (internal quotation marks omitted). We assume the parties’ familiarity with the facts *89 and procedural history, which we reference only as necessary to explain our decision.
1. Plaintiff’s Obesity
Plaintiff urges us to identify error in the ALJ’s alleged failure to acknowledge plaintiffs obesity and to recognize it as a “severe” impairment. We detect no such error. The record demonstrates the ALJ’s acknowledgment of plaintiffs obesity, both at Martin’s hearing, see Tr. at 4-5, and in his written opinion, see ALJ Op. at 3.
Further, substantial evidence in the record supports the ALJ’s determination that Martin’s obesity is not a “severe” impairment that “significantly limits [her] physical or mental ability to do basic work activities.” 20 C.F.R. § 404.1520(c). While numerous medical reports discuss plaintiffs back ailments, they mention plaintiffs obesity only four times and provide no evidence of a severe impairment limiting work ability. Indeed, Dr. Matan expressly recommended that Martin return to work. Mindful that a lack of evidence of severe impairment constitutes substantial evidence supporting a denial of benefits, we reject this part of Martin’s appeal on the merits.
2. The “Treating Physician” Rule
Martin submits that the ALJ erred in failing to give proper consideration to the July 3, 2003 medical source statement of treating physician Dr. Pocari, which notes that, inter alia, plaintiff is able to sit for only four hours and to stand or walk for only up to two hours of an eight-hour workday. See Rosa v. Callahan, 168 F.3d 72, 78 n. 3 (2d Cir.1999) (“Sedentary work ... generally involves up to two hours of standing or walking and six hours of sitting in an eight-hour work day.” (internal quotation marks omitted)). Although the final responsibility for deciding issues relating to disability is reserved to the Commissioner, see 20 C.F.R. § 404.1527(e)(1), an ALJ must give controlling weight to a treating physician’s opinion on the nature and severity of the claimant’s impairment when the opinion is well-supported by medical findings and not inconsistent with other substantial evidence, id. § 404.1527(d)(2). Here, the ALJ declined to give “controlling weight” to Dr. Pocari’s July 3, 2003 medical source statement on the ground that it is “inconsistent with the other substantial evidence in [the] case record” indicating Martin’s ability to perform sedentary work, see id. § 404.1527(d)(2); see also Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir.2004).
Having conducted a de novo review of the record, we conclude that the ALJ’s explanation for not according Dr. Pocari’s assessment controlling weight is supported by substantial evidence. Notably, Dr. Pocari’s report of July 3, 2003 — the same day as his medical source statement — notes only that plaintiff “should not lift more than 30 [pounds], no prolonged standing, no pushing or pulling heavy objects,” and makes no mention of specific limitations on standing or walking. Moreover, Dr. Shayevitz’s November 6, 2001 report notes that plaintiff “might have difficulty sitting for prolonged hours with definite limitation in standing, walking, and stair climbing,” but does not identify limitations so severe as to preclude sedentary work. Dr. Finley’s November 21, 2001 repoi't, which acknowledges plaintiffs disc herniation, notes that “the clinical findings” of limitations “are very modest,” and “are compatible with retention of the ability to perform the functions of light work.” Dr. Matan’s December 5, 2001 report notes plaintiffs retention of a “full range of motion of the lumbar spine,” “[f]ull range of motion of the hips and knees without pain,” and no “contraindications for her return [to *90 work].” Dr. Matan’s June 13, 2002 letter to Dr. Pocari, in which Dr. Matan notes Martin’s “mild to moderate disc herniation,” again recommends that she return to work. Dr. Matan’s June 2002 report notes that Martin should lift no more than 30 pounds, and also recommends that she return to work.
On this record, we identify no error in the ALJ’s decision to accord “less weight” to Dr. Pocari’s assessment.
3. Tibe ALJ’s Credibility Assessment Equally unpersuasive is Martin’s contention that the ALJ applied an incorrect legal standard in assessing her subjective complaints of pain. See 20 C.F.R. §§ 404.1529, 416.929. As required by regulation, the ALJ first determined that the objective medical evidence did not corroborate Martin’s subjective claims of disabling pain. See ALJ op. at 4; see also 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). The ALJ noted as an example Dr. Matan’s determination that Martin “had absolutely no evidence of neurolgic deficits.” ALJ op. at 4 (emphasis omitted). The ALJ then properly considered the factors set forth in §§ 404.1529(c)(2) and 416.929(c)(3) — including Martin’s daily activities; the medication she has taken; and the treatment, other than medication, that she has received for her pain, see id. § 416.929(c)(3)(i), (iv), (v) — and concluded that they did not support Martin’s subjective testimony of disabling pain. Because this analysis follows the steps set forth in the applicable regulations, we identify no merit in Martin’s challenge.
4. Vocational Expert
At the fifth step of the sequential analysis, the ALJ relied solely on the medical vocational guidelines (or “grids”) in concluding that other jobs exist in significant numbers in the national economy that Martin is capable of performing. See id. §§ 404.1566, 416.966. Although the grids are “generally dispositive, exclusive reliance on [them] is inappropriate” when they do not fully account for the claimant’s limitations. Rosa v. Callahan, 168 F.3d 72, 78 (2d Cir.1999). Martin asserts that this is such a case because reliance on the grids fails to take account of Dr. Pocari’s statement that Martin could rarely stoop, and that her pain would interfere with concentration and attention. Martin argues that Social Security Ruling (“SSR”) 96-9p compels the conclusion that these impairments would preclude Martin from performing the full range of sedentary work, thereby requiring the use of a vocational expert at step five to determine the existence of a sufficient number of jobs that plaintiff could perform. We disagree.
First, as already noted, substantial evidence supports the ALJ’s decision to discount Dr. Pocari’s medical source statement, making Martin’s case an “ordinary” one in which reliance on the grids is appropriate. Rosa v. Callahan, 168 F.3d at 78. In any event, sedentary work “entails no significant stooping,” SSR 83-10, making this part of Dr. Pocari’s report essentially irrelevant to Martin’s challenge to the ALJ’s assessment of her abilities. Finally, with regard to Martin’s ability to concentrate, we note that an ALJ must seek the testimony of a vocational expert with respect to such a nonexertional limitation only where there is evidence that the limitation “so narrows a claimant’s possible range of work as to deprive him of a meaningful employment opportunity.” Bapp v. Bowen, 802 F.2d 601, 606 (2d Cir.1986). There is no such evidence in the record and, accordingly, we conclude that the ALJ did not commit legal error in relying solely on the grids at step five of his analysis.
*91 We have considered all of plaintiffs remaining arguments and conclude that they lack merit. Accordingly the district court’s judgment is hereby AFFIRMED.