**Perley THIBODEAU, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

**No. 07–3268–CV.**

United States Court of Appeals, Second Circuit.

July 31, 2009.

Perley Thibodeau, pro se, New York, NY, for Appellant.

Michael J. Garcia, United States Attorney (Leslie A. Ramirez–Fisher, Benjamin H. Torrance, Assistant United States Attorneys, of counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: ROBERT D. SACK, DEBRA ANN LIVINGSTON, Circuit Judges and ERIC N. VITALIANO, District Judge.*

---

* The Honorable Eric N. Vitaliano, of the United States District Court for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

Plaintiff–Appellant Perley Thibodeau, proceeding *pro se,* appeals from a judgment of the United States District Court for the Southern District of New York. The district court granted the motion of the Commissioner of Social Security for judgment on the pleadings on the ground that Thibodeau could only establish that he had accrued 39 out of the 40 quarters of coverage that are necessary to qualify for social security retirement insurance benefits. The court subsequently denied Thibodeau's motion for reconsideration. We assume the parties' familiarity with the underlying facts and procedural history of the case, and the issues on appeal.

Reading the notice of appeal of this *pro se* litigant liberally, as we must, *see Boykin v. KeyCorp,* 521 F.3d 202, 214 (2d Cir.2008) ("A document filed *pro se* is to be liberally construed . . . ." (internal quotation marks omitted)), we conclude that Thibodeau intended to appeal both the grant of the motion for judgment on the pleadings and the denial of the motion for reconsideration.

We review *de novo* the grant of a motion pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings. *See Hardy v. New York City Health & Hosps. Corp.,* 164 F.3d 789, 792 (2d Cir. 1999). When reviewing a benefits determination, "we. focus on the administrative ruling rather than the district court's opinion." *Kohler v. Astrue,* 546 F.3d 260, 264–65 (2d Cir.2008) (internal quotation marks omitted). "[W]e conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Id.* at 265 (internal quotation marks omitted). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as ade-

quate to support a conclusion." *Burgess v. Astrue,* 537 F.3d 117, 127 (2d Cir.2008) (internal quotation marks omitted); *accord Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Consol. Edison Co. of N.Y. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

However, as we recently noted in *Moran v. Astrue,* 569 F.3d 108 (2d Cir.2009), a decision we issued subsequent to the district court's judgment in this case, "[b]efore determining whether the Commissioner's conclusions are supported by substantial evidence, . . . we must first be satisfied that the claimant has had a full hearing under the regulations and in accordance with the beneficent purposes of the Social Security Act." *Id.* at 112 (ellipsis, brackets and internal quotation marks omitted); *see also Lamay v. Comm'r of Soc. Sec.,* 562 F.3d 503, 508 (2d Cir.2009) ("[S]ocial security hearings are not (or at least are not meant to be) adversarial in nature.").

The limited inquiry by the Administrative Law Judge ("ALJ") into the facts and circumstances of Thibodeau's case is virtually indistinguishable from the inquiry we criticized in *Moran,* where we instructed the district court to vacate and remand an ALJ's denial of an application for Social Security disability benefits "not because the ALJ's decision was not supported by substantial evidence but because the ALJ should have developed a more comprehensive record before making his decision." *Moran,* 569 F.3d at 114–15. Similarly here, the scant administrative record—the hearing transcript spans fourteen pages—was left undeveloped in two significant ways.

First, in analyzing Thibodeau's credibility the ALJ noted that Thibodeau lacked documentation reflecting any customers or services rendered during the time in question. But the ALJ should have helped

Thibodeau cure that omission. From the record before us, it appears that had he done so, the ALJ would have discovered that Thibodeau had calendars and notations documenting at least some client names for the relevant period. We may order the Commissioner to consider new evidence upon our review of the ALJ's decision pursuant to 42 U.S.C. § 405(g), if there is a "reasonable possibility" that, had this evidence been sought and considered, the ALJ would have reached a different determination. *See Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir.1988). We conclude that supplementation of the record in this case would create such a "reasonable possibility."

Second, although the Social Security Administration has identified four factors to be considered when determining the existence of a trade or business, the ALJ cut short testimony relevant to those factors. *See* Soc. Sec. Admin., Program Operations Manual System Section RS 01802.002, *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0301802002 (last visited July 29, 2009) ("POMS"); *see also Bubnis v. Apfel*, 150 F.3d 177, 181 (2d Cir.1998). We think evidence of Thibodeau's health is relevant both to a proper evaluation of the continuity and regularity of Thibodeau's hairdressing business and to whether Thibodeau made a good-faith effort to make a profit or produce income in the quarter in question. *See* POMS. But the ALJ diverted the inquiry from such considerations. As to the consideration of what steps Thibodeau took to advertise his services or hold himself out as a hairdresser, *see id.*, we think the ALJ's questioning to have been strikingly terse and negatively phrased, eliciting brief responses rather than elaboration from Thibodeau. Such an inquiry does not, we think, meet an ALJ's

"heightened" duty to protect a *pro se* claimant's rights by "scrupulously and conscientiously probing into, inquiring of, and exploring for all the relevant facts." *Moran*, 569 F.3d at 113 (brackets and internal quotation marks omitted).

For the foregoing reasons, the judgment of the district court is hereby VACATED and the cause REMANDED to the district court with instructions to remand this matter to the Commissioner for proceedings consistent with this order.