09-3378-cv
Rutkowski v. Astrue

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of March, two thousand ten.

PRESENT:
> AMALYA L. KEARSE,
> PETER W. HALL,
> > *Circuit Judges*.
> JED S. RAKOFF,
> > *District Judge.*[*]

_____

Mark Rutkowski,

> *Plaintiff-Appellant*,

> v.                                                                                  09-3378-cv

Michael J. Astrue, Commissioner of Social Security,

> *Defendant-Appellee*.

_____

---

[*] The Honorable Jed. S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT: MARK CURLEY; Law Offices of Mark Curley, Esq.; New York, NY (Mark Schneider; Law Offices of Mark Schneider, Esq.; Plattsburgh, NY, *on the brief*).

FOR APPELLEE: SOMMATTIE RAMRUP, Special Assistant United States Attorney, New York, NY (Andrew T. Baxter, United States Attorney for the Northern District of New York; Stephen P. Conte, Acting Chief Counsel - Region II, Office of the General Counsel, Social Security Administration, Of Counsel, *on the brief*).

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*). **UPON DUE CONSIDERATION it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Mark Rutkowski appeals from the district court's July 23, 2009 order affirming a final determination of the Commissioner of Social Security denying him supplemental security income ("SSI") benefits. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

To be eligible for SSI, a claimant must show an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Commissioner is required to perform a five-step sequential analysis to determine whether an individual is disabled for purposes of receiving SSI. *See* 20 C.F.R. § 416.920. In reviewing a final determination of the Commissioner, courts consider only whether the conclusions made are supported by substantial evidence in the record and whether the correct legal standard was applied. *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009); *see also* 42 U.S.C. § 405(g).

2

**1.     Adequacy of administrative hearings**

Rutkowski first argues that he did not receive an adequate administrative hearing because he did not knowingly and voluntarily waive his right to representation, and because the administrative law judge ("ALJ") failed to develop the record fully.

**A.     Disclosure requirements**

The Commissioner is required to notify claimants in writing of the option to retain an attorney to be present at hearings, and of the availability of free legal services. 42 U.S.C. § 1383(d)(2)(D); *see also* 20 C.F.R. §§ 404.1705, 404.1706. The ALJ must also ensure, at the hearing itself, that the claimant is aware of these rights. *Lamay*, 562 F.3d at 507. This Court recently declined to mandate anything more than these statutory and regulatory disclosure requirements. *See id.* at 507-08.

To the extent that Rutkowski argues that he did not receive an adequate hearing because he was not aware of his right to be represented, this argument is foreclosed by this Court's holding in *Lamay*. *Id.* at 509-10. In addition to numerous other notifications, the Commissioner satisfied all the disclosure requirements in its initial Notice of Disapproved Claim. The ALJ also verbally told Rutkowski of his right to representation and the availability of free legal services during the initial and supplemental hearings. Thus, substantial evidence supports the finding that Rutkowski knowingly and voluntarily waived his right to representation.

**B.     The ALJ's duty to develop the record**

Rutkowski next makes a related argument that the ALJ failed to develop the record fully. In light of the non-adversarial nature of social security proceedings, the ALJ has a "'duty to investigate and develop the facts and develop the arguments both for and against the granting of benefits.'"

*Butts v. Barnhart*, 388 F.3d 377, 386 (2d Cir. 2004) (quoting *Seavey v. Barnhart*, 276 F.3d 1, 8 (1st Cir. 2001)). These duties are heightened when a claimant waives his right to representation and proceeds *pro se*. *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990).

The record clearly shows that the ALJ discharged his duties to develop the facts and arguments to ensure a proper disposition of the case. In addition to reports from Dr. Krag, who performed surgery on Rutkowski two days after his initial injury, and Dr. Sherman, his primary physician, the ALJ requested records from five other medical sources. The ALJ at two hearings questioned Rutkowski in detail about his education, prior work experience, medical history, daily activities and physical limitations. A vocational expert questioned him in more detail about his work experience and the type of work he could do, and the ALJ gave Rutkowski the opportunity to cross-examine the expert. Thus, the ALJ fulfilled his duty to develop sufficiently the record.

**2.      Listing of impairments**

Rutkowski next argues that substantial evidence does not support the ALJ's determination that his impairments do not meet the criteria of Listing 1.04A in 20 C.F.R. pt. 404, subpt. P, app. 1 (disorders of the spine with evidence of nerve root compression). As support for this contention, Rutkowski points to an Essex County Department of Social Services report, which determined that his impairments do in fact meet the criteria of Listing 1.04. Rutkowski, then represented by counsel, submitted the report to the Appeals Council following the adjudication of his claim before the ALJ. While evidence submitted to the Appeals Council becomes part of the administrative record, *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996), the Appeals Council, in reviewing a decision based on an application for benefits, will consider new evidence only if (1) the evidence is material, (2) the evidence relates to the period on or before the ALJ's hearing decision, and (3) the Appeals

4

Council finds that the ALJ's decision is contrary to the weight of the evidence, including the new evidence. 20 C.F.R. § 416.1470.

While the evidence relates to the period before the ALJ's decision, it does not add so much as to make the ALJ's decision contrary to the weight of the evidence. The Essex County report is a conclusory one-page document that states little more than that Rutkowski "meets listing 1.04." The report does not state which of the three subsections in Listing 1.04 Rutkowski's impairments satisfy, and does not explain the facts or reasoning that led to this determination. The Appeals Council did not err in refusing to review the decision.

**3.      Residual functional capacity**

Rutkowski next argues that substantial evidence does not support the ALJ's determination of his residual functional capacity ("RFC"). A claimant's RFC is the most he can do in a work setting despite his physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). Light work includes lifting no more than 20 pounds or carrying no more than 10 pounds, and may involve "a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b).

The ALJ based his RFC determination on "the evidence in the entire record to include the claimant's own statements and allegations as well as those of the treating and examining physicians." Substantial evidence exists to support this determination. Following the initial surgery in July 2003, Dr. Krag prescribed a lifting limit of 25 pounds. In November, the doctor raised Rutkowski's lifting limit to 50 pounds. In March 2004, primary treating physician Dr. Sherman, whose opinion is controlling if it is "well-supported" and "not inconsistent with the other substantial evidence," 20 C.F.R. § 416.927(d)(2), indicated that Rutkowski was fit to perform light

work.  Another examination by a consulting physician in April 2004 shows that he had relatively good mobility, full hand and finger dexterity, full spinal flexion, and full range of motion of shoulders, arms, hips, knees, and ankles.  Combined, this body of evidence substantially supports the ALJ's RFC determination.

**4.      The ALJ's credibility finding**

Rutkowski next contends that substantial evidence does not support the ALJ's finding that he was "not totally credible."  The ALJ is entitled to find a claimant not credible if his testimony contradicts the record.  *Aponte v. Sec'y, Dep't of Health & Human Servs.*, 728 F.2d 588, 591-92 (2d Cir. 1984).  A court must uphold the ALJ's rejection of a claimant's subjective complaints of pain "[i]f the [ALJ's] findings are supported by substantial evidence."  *Id.* at 591.

In finding Rutkowski less than credible, the ALJ noted inconsistencies between allegations made before the hearing and his testimony at the initial administrative hearing.  He also noted that substantial evidence existed showing that Rutkowski was relatively "mobile and functional," and that Rutkowski's allegations of disability contradicted the broader evidence.  The ALJ thus adequately supported his credibility finding.

We have considered Rutkowski's remaining arguments on appeal and find them to be without merit.  Accordingly, the judgment of the district court is **AFFIRMED.**


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6