10-5227-cv
Drake v. Astrue

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of November, two thousand eleven.

PRESENT:  GERARD E. LYNCH,
                    DENNY CHIN,
                    SUSAN L. CARNEY,
                              *Circuit Judges.*

-------------------------------------------------------------------

OLIVIA J. DRAKE,

                              *Plaintiff-Appellant*,

                    v.                                              No. 10-5227-cv

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY,

                              *Defendant-Appellee.*

-------------------------------------------------------------------

FOR PLAINTIFF–              MARK SCHNEIDER, Plattsburgh, NY.
APPELLANT:

FOR APPELLEE:              SIXTINA FERNANDEZ, Special Assistant United
                                    States Attorney (Stephen P. Conte, Regional Chief
                                    Counsel, Social Security Administration, *on the brief*),
                                    *for* Richard S. Hartunian, United States Attorney for
                                    the Northern District of New York, Syracuse, NY.

Appeal from the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Olivia Drake applied for disability insurance benefits and Social Security Income in April 2006. After her application was initially denied, Drake signed a waiver form requesting that her application be evaluated by an administrative law judge (ALJ) without a hearing. The ALJ found that she was capable of performing a full range of light work and therefore denied her application. The Appeals Council denied her request for review, and the District Court affirmed the ALJ's decision in a thorough memorandum decision. We affirm for substantially the reasons given by the District Court. We assume the parties' familiarity with the underlying facts.

A district court "may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (quoting 42 U.S.C. § 405(g)). On appeal, we "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008) (internal quotation marks omitted). Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004) (internal quotation marks omitted).

2

An applicant for Social Security benefits has a right to personally appear at a hearing before the ALJ and had a right make her appearance through a representative (including counsel) at her hearing or in her other dealings with the Social Security Administration. See 20 C.F.R. §§ 404.950(a), 404.1705; see also Lamay v. Comm'r of Soc. Sec., 562 F.3d 503, 507 (2d Cir. 2009). These rights may be waived if the applicant was properly informed of them. See 20 C.F.R. §§ 404.950(b); Lamay, 562 F.3d at 507. Drake concedes that she signed a form entitled "Waiver of Your Right to Personal Appearance Before an Adminstrative Law Judge." That form stated, at the top and in bold letters, that she should read "the statements below" before filling out the form. Those statements advised her (1) that she had a right to appear in person before an ALJ; (2) that her personal appearance would provide her with the opportunity to present her own testimony and the testimony of other witnesses; (3) that, if she signed the form, she could later change her mind and request a personal appearance before an ALJ so long as she did so before the ALJ's decision was mailed to her; (4) that she had a right to be represented; and (5) that the Social Security office could give her a list of legal referral and service organizations to assist her in locating a representative. In addition, as the District Court noted, Drake was advised of her right to representation in the "Notice of Disapproved Claim" dated October 17, 2006, and in the "Request for hearing by Administrative Law Judge." The Social Security representative completing the acknowledgment portion of the "Request for hearing" form marked that a "list of legal referral and service organizations [was] provided" to Drake. Yet Drake did not retain counsel until the month after the ALJ denied her claim and approximately 16 months

3

after she had signed the waiver of appearance form and received other written information regarding her right to representation.

Drake claims, however, that her waiver was not knowing and intelligent because the Social Security employee who handed the waiver form to her did not personally explain her rights to her and because Drake stated on the form that she wished she could "die and come back a healthy 20 [year-old] girl who can work and have a normal life." We disagree. The evidence in the record shows that Drake knew how to read, write, and speak English, graduated from high school, and earned a certified nurse's assistant certificate. Moreover, she explicitly stated on the waiver form that she made her decision because she didn't "feel well enough to fight this case in person" and "just want[ed] to be able to show my evidence in writing and hopefully win." In addition, she signed a separate release form authorizing the Social Security Administration to release her records to the Legal Aid Society so that it could decide whether to represent her. In light of the substantial evidence in the record concerning Drake's competence and her awareness of the consequences of signing the waiver and of her right to retain a representative, the ALJ was not required to reject Drake's waiver form or to contact her to confirm that she wanted to abide by it, or to discuss with her whether she wished to retain a representative.

Drake's claim that the ALJ failed to affirmatively develop the record for the time period from November 2007 through March 2008 also fails. We have recognized that in Social Security cases the ALJ has a duty to "affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." Lamay, 562 F.3d at 509

4

(internal quotation marks omitted); see also 20 C.F.R. § 404.1512(d) ("We will make every reasonable effort to help you get medical reports from your own medical sources when you give us permission to request the reports."). The record demonstrates that the ALJ made reasonable efforts to develop the record in this case. On February 29, 2008, the Social Security Adminstration sent letters to the Champlain Valley Physicians Hospital Medical Center ("CVPH") and to Drake's doctor at CVPH requesting updated medical records. CVPH responded by sending several pages of medical records dating from November and December 2007. The last of these records, dated December 28, 2007, indicated that Drake was "doing well" and was bottle feeding her infant son. While CVPH had additional records from January and February 2008 that it did not send to the ALJ, CVPH's failure does not mean that the ALJ did not exercise reasonable efforts to develop the record. The ALJ in fact requested those records, and nothing in the record suggests that the ALJ should have known that CVPH's response was incomplete.

Drake also argues that the Appeals Council erred by not considering two medical reports post-dating the ALJ's decision that she submitted to the Appeals Council. As Drake concedes in her reply brief, however, she did not raise this issue in the District Court. Accordingly, this argument is waived. See Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009).[1]

---

[1] Because Drake's argument regarding the two additional medical reports has been waived, we hereby deny her motion to supplement the record on appeal to include them. We likewise deny her post-argument request to supplement the record to include additional medical records from CVPH that were not presented to the district court.

We also reject Drake's various challenges to the ALJ's residual functional capacity ("RFC") determination that Drake was capable of performing light work. First, Drake claims that the ALJ gave undue weight to the opinion of Dr. Nader Wassef, who performed a consultative physical exam of Drake, and insufficient weight to the opinions of her treating physicians. See 20 C.F.R. § 404.1527(d)(2) (providing that a "treating" physician's opinion is "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record"). However, as the District Court recognized, in this case "the opinions of the treating physicians do not contradict Dr. Wassef's assessment." As a result, the ALJ did not err in assigning great weight to Dr. Wassef's opinion. Second, we agree with the District Court that the ALJ implicitly factored Drake's obesity into his RFC determination by relying on medical reports that repeatedly noted Drake's obesity and provided an overall assessment of her work-related limitations. Third, substantial evidence in the record supports the ALJ's decision to give little weight to Dr. Summerell's consultative evaluation, including evidence that Drake had never sought mental health treatment prior to meeting with Dr. Summerell, and that Dr. Summerell met with her only once, considered Drake's depression to be only an "episode," and found no evidence of longstanding depression. Finally, we find that the ALJ's credibility determination was supported by substantial evidence. The ALJ found that while Drake does suffer from urinary incontinence, back and knee pain, and serous otitis media, Drake's statements regarding the intensity, persistence and limiting effects of the symptoms of those impairments were not credible to the extent they suggested that she was

6

incapable of light work.  As the District Court recognized, the ALJ's conclusion was supported by evidence that plaintiff had the ability to cook and care for herself, operate a car, complete household chores, care for her son, and run errands.  It was also supported by medical evidence suggesting that Drake's impairments did not limit her ability to perform light work.

We have considered Drake's other arguments and find them to be without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court