11-4209-cv
Talavera v. Comm'r of Soc. Sec.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of October, two thousand twelve.

Present:
CHESTER J. STRAUB
ROBERT A. KATZMANN,
*Circuit Judges.**

_____

CHRISTINA TALAVERA,

    *Plaintiff-Appellant,*

        v.                             No. 11-4209-cv

MICHAEL J. ASTRUE, Commissioner of Social Security,

    *Defendant-Appellee*.

_____

For Plaintiff-Appellant:        WILLIAM P. GOTTLIEB, Axelrod & Gottlieb LLP, New York, N.Y.

_____

\* Judge Robert D. Sack, originally assigned to this panel, recused himself from this case. The remaining two judges issue this order in accordance with Second Circuit Internal Operating Procedure E(b).

For Defendant-Appellee:             SETH D. EICHENHOLTZ (Varuni Nelson, Kathleen A.
                                    Mahoney, *on the brief*), Assistant United States Attorneys, *for*
                                    Loretta E. Lynch, United States Attorney for the Eastern
                                    District of New York.


Appeal from the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Christina Talavera appeals from the August 10, 2011 judgment of the

district court, which affirmed the decision of Defendant-Appellee the Commissioner of Social

Security (the "Commissioner") denying her December 15, 1999 application for Supplemental

Security Income ("SSI") disability benefits pursuant to Title XVI of the Social Security Act, 42

U.S.C. § 1381 *et seq.* Talavera argues on appeal that, in concluding that substantial evidence

supported the Commissioner's denial of SSI benefits, the district court gave inadequate

consideration to the effects of her obesity and other "key evidence."[**] Appellant's Br. at 40. We

presume the parties' familiarity with the facts and procedural history of this case, as well as with

the issues on appeal.

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is

limited to determining whether the SSA's conclusions were supported by substantial evidence in

the record and were based on a correct legal standard." *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d

503, 507 (2d Cir. 2009); *see also* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).

---

[**] Talavera also contends on appeal that the district court erred in concluding that she does not suffer from "mental retardation," as that term is used in the relevant SSA regulations. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, Part A, § 12.05. This argument is addressed in a separate Opinion filed simultaneously with this Summary Order.

In determining whether the agency's findings are supported by substantial evidence, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam). "We undertake a plenary review of the administrative record, and our focus is on the administrative ruling more than on the district court's decision." *Lamay*, 562 F.3d at 507.

To be eligible for SSI benefits, an applicant must show that "by reason of any medically determinable physical or mental impairment" resulting from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques," she is "not only unable to do [her] previous work" but also prevented from "engag[ing] in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3). SSA regulations prescribe a five-step process for evaluating disability claims:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the Commissioner next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Commissioner will consider him [*per se*] disabled . . . . Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the Commissioner then determines whether there is other work which the claimant could perform . . . .

*DeChirico v. Callahan*, 134 F.3d 1177, 1179-80 (2d Cir. 1998) (internal alterations omitted).

Here, for substantially the same reasons expressed by the district court in its well-reasoned decision, *see Talavera v. Comm'r of Soc. Sec.*, No. 06-cv-3850(JG), 2011 WL 3472801, *12-13 (E.D.N.Y. Aug. 9, 2011), we conclude that the Commissioner did not fail to adequately consider Talavera's obesity and other "key evidence" in determining that, despite several "severe

3

impairments," she retains the residual functional capacity to perform certain work in the national economy, and is therefore not disabled under sections 216(i) and 223(d) of the Social Security Act, 42 U.S.C. §§ 416(i) & 423(d).  With respect to Talavera's obesity, several of Talavera's treating and examining physicians -- all of whom were aware of her obesity -- concluded that her weight only imposed mild limitations on her functional abilities.  Moreover, the ALJ expressly referred in her decision to the Vocational Expert's testimony that "claimant's weight would not interfere with [certain] low stress jobs."  *Id.* at \*12 (alteration in original) (internal quotation marks omitted).  Accordingly, it is evident that the ALJ did adequately consider Talavera's obesity.  *See Dumas v. Schweiker*, 712 F.2d 1545, 1553-54 (2d Cir. 1983) (holding that an ALJ is entitled to rely on Vocational Expert's testimony that is based on assumptions that are supported by evidence in the record).

Talavera's contention that the ALJ erred in declining to cite certain pieces of evidence that support her claims is equally unconvincing.  The ALJ carefully considered and evaluated the medical opinions of the numerous physicians who examined Talavera, and was well within her discretion to credit the opinions of certain treating physicians over others.  *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").

For these reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4