*Gentile v. Dudek*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand twenty-five.

PRESENT:    Gerard E. Lynch,
            Steven J. Menashi,
            Eunice C. Lee,
                    *Circuit Judges.*

_____

Andrea Marie Gentile,

     *Plaintiff-Appellant,*

    v.                                                    No. 24-1467

Leland Dudek, Acting Commissioner of Social Security,

     *Defendant-Appellee.*[*]

_____

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Commissioner of Social Security Leland Dudek is automatically substituted for former Commissioner Martin O'Malley as the defendant-appellee in this case.

*For Plaintiff-Appellant*:  ALAN L. BUSHLOW, Abbott Bushlow & Schechner, LLP, Ridgewood, New York.

*For Defendant-Appellee*:  CHRISTOPHER HURD, Special Assistant United States Attorney (Suzanne Haynes, Acting Associate General Counsel, Social Security Administration, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Hall, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Andrea Marie Gentile applied for childhood disability benefits under the Social Security Act, which required her to show that she had a disability that began before she turned twenty-two. *See* 42 U.S.C. § 402(d); 20 C.F.R. § 404.350(a)(5). An administrative law judge denied Gentile's claim, and the district court affirmed that decision. *See Gentile v. Kijakazi*, No. 22-CV-7731, 2024 WL 1345598 (E.D.N.Y. Mar. 29, 2024). On appeal, Gentile argues that the ALJ's decision was not supported by substantial evidence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

**I**

Our review of the Commissioner's denial of social security benefits "is limited to determining whether the [Commissioner's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quoting *Lamay v. Comm'r of Soc.*

2

*Sec.*, 562 F.3d 503, 507 (2d Cir. 2009)); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (quoting *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004)). "[O]nce an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks omitted).

The ALJ made three findings relevant to this appeal. First, the ALJ determined that Gentile did not have an impairment before turning twenty-two that met or equaled the listed impairment for "schizophrenia spectrum and other psychotic disorders," 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.03 ("Listing 12.03"). Second, the ALJ determined that at the relevant time Gentile had the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels," subject to certain limitations. Third, based on that RFC finding and a vocational expert's testimony, the ALJ found that jobs existed in the national economy that Gentile could have performed before turning twenty-two.

Substantial evidence supports each of these conclusions. The ALJ explained that Gentile was not diagnosed with schizophrenia until well after she turned twenty-two. Moreover, the doctor who so diagnosed Gentile had not treated her during the relevant time period and did not purport to describe Gentile's condition before she turned twenty-two. Nor did the records from the relevant time period show that Gentile suffered marked limitations in the areas of mental functioning specified in Listing 12.03.[1] For example, cognitive testing performed on Gentile when she was eighteen years old showed that she had some cognitive

---

[1] Listing 12.03(B) requires a claimant to show "[e]xtreme limitation of one, or marked limitation of two, of the following areas of mental functioning: 1. Understand, remember, or apply information. 2. Interact with others. 3. Concentrate, persist, or maintain pace. 4. Adapt or manage oneself."

3

deficiencies but also that her full-scale IQ score fell within the average range, with her lowest subtest scores falling within the normal range. Even with her cognitive deficiencies, doctors believed she could complete college with limited accommodations. Consistent with those recommendations, Gentile received her undergraduate degree in six years—earning mostly As and Bs—while receiving extra time on exams and assistance with taking notes during class.

This evidence supports the ALJ's determination that Gentile did not have an impairment that met or equaled Listing 12.03 and that she had the RFC to perform work subject to certain limitations. To the extent other evidence in the record suggests otherwise, "we defer to the Commissioner's resolution of conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).

Because the ALJ's RFC finding was supported by substantial evidence, the ALJ was entitled to rely on the vocational expert's testimony about employment associated with that RFC. "An ALJ may rely on a vocational expert's testimony regarding a hypothetical as long as there is substantial record evidence to support the assumptions upon which the vocational expert based his opinion." *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014) (internal quotation marks and alteration omitted). The ALJ asked the vocational expert about the availability of jobs in the national economy for someone with Gentile's age, education, and work background that could be "performed in a low stress setting" subject to the other limitations of the RFC finding for Gentile. Because substantial evidence supported the RFC finding, the ALJ appropriately relied on the vocational expert's testimony to conclude that jobs existed in the national economy that Gentile could have performed before turning twenty-two.

We conclude that substantial evidence supported the ALJ's findings that Gentile did not have an impairment that met or equaled Listing 12.03, that she had the RFC to perform work subject to certain limitations, and that jobs existed in the national economy that she could have performed with those limitations before turning twenty-two. Accordingly, the ALJ did not err by denying Gentile's claim.

## II

Gentile raises four objections on appeal. She argues that the ALJ (1) erroneously concluded that she did not have an impairment before turning twenty-two that met or equaled Listing 12.03, (2) failed to properly weigh the medical opinions in the record and improperly made her own medical judgment, (3) "cherry picked" evidence from the record that supported her findings while ignoring contrary evidence, and (4) erroneously relied on the vocational expert's response to a hypothetical that was not supported by substantial evidence.

Gentile made the same four arguments before the district court. *See Gentile*, 2024 WL 1345598, at *1. We have conducted "a plenary review of the administrative record." *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (quoting *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)). For the reasons explained above and by the district court, we conclude that the ALJ based her impairment finding on substantial evidence, provided a reasoned explanation for the weight she accorded to the medical opinions in the record, acted within her discretion in resolving conflicting evidence, and appropriately grounded the hypothetical posed to the vocational expert in the RFC finding.

Under the substantial-evidence standard, we ask only whether the administrative record "contains 'sufficient evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (alteration omitted) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. … It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 103 (quoting *Consol. Edison*, 305 U.S. at 229). Because the ALJ based her decision on such evidence in this case, her findings are "conclusive." 42 U.S.C. § 405(g).

\* \* \*

We have considered Gentile's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court