12-4186-cv
*Bonet v. Colvin*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand thirteen.

PRESENT:

> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LATASHA BONET, on behalf of T.B.,

*Plaintiff-Appellant,*

-v.-                                                                                No. 12-4186-cv

CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,

*Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**FOR PLAINTIFF-APPELLANT:**        LOUISE M. TARANTINO (Catherine M. Callery, *on the brief*), Empire Justice Center, Albany & Rochester, NY.

**FOR DEFENDANT-APPELLEE:**        JEREMY A. LINDEN (Stephen P. Conte, Regional Chief Counsel – Region II, Office of the General Counsel, Social Security

Administration, New York, NY, *on the brief*), Special Assistant United States Attorney, New York, NY, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York.

Appeal from the August 16, 2012 judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 16, 2012 judgment of the District Court be **AFFIRMED**.

Plaintiff Latasha Bonet seeks Supplemental Security Income ("SSI") under the Social Security Act ("SSA") on behalf of her minor son T.B., for his asserted disability of attention deficit disorder. An Administrative Law Judge ("ALJ") denied Bonet's application, finding that T.B. did not meet the requirements for a disability entitling him to benefits. Bonet then challenged the ALJ's decision in the District Court, which affirmed the decision of the ALJ, granted judgment on the pleadings to the Commissioner of Social Security, and dismissed Bonet's complaint. Bonet now appeals the District Court's order. We assume familiarity with the underlying facts and procedural history of this case.

We review *de novo* a district court's grant of judgment on the pleadings. *Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003). In an appeal from a denial of SSI, "[w]e undertake a plenary review of the administrative record, and our focus is on the administrative ruling more than on the district court's decision." *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009). We are "limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). "'Substantial evidence' is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Under this "very deferential standard of review," "once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (emphasis in original; internal quotation marks omitted).

Bonet's central argument on appeal is that the ALJ failed correctly to consider the effects of T.B.'s highly structured school setting on his disability, and that, "when the effects of the structured setting are properly taken into account, there is substantial evidence that T.B. has" met the requirements for SSI. Appellant's Reply 9. But whether there is substantial evidence supporting the appellant's view is not the question here; rather, we must decide whether substantial evidence

supports *the ALJ's decision. See, e.g., Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) ("If there is substantial evidence to support the [agency's] determination, it must be upheld."); *Talavera*, 697 F.3d at 151 (limiting our review to "determining whether *the SSA's conclusions* were supported by substantial evidence" (emphasis supplied)).[1]

It may well be that reasonable minds would disagree as to whether T.B. is disabled, but it is clear from the record that the ALJ did consider the effects of the structured setting and simply reached a conclusion, supported by substantial evidence, with which Bonet does not agree. Indeed, even if the ALJ was not as explicit in his reasoning on this issue as possible, "[a]n ALJ does not have to state on the record every reason justifying a decision," nor is an ALJ "required to discuss every piece of evidence submitted." *Brault*, 683 F.3d at 448 (quotation marks omitted).

As noted above, the dispositive question is whether the ALJ's decision was supported by substantial evidence and grounded in correct legal standards. Based upon our independent review of the record, we hold, substantially for the reasons set out at length by the District Court in its clear and comprehensive Memorandum-Decision and Order of August 16, 2012, that the ALJ's decision was indeed supported by substantial evidence and based upon a correct legal standard. Accordingly, we conclude that Bonet's arguments on appeal are without merit.

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the August 16, 2012 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] *See also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982) ("On an appeal such as this, we are faced with a simple reality which appellants often overlook, namely, that factual issues need not have been resolved by the Secretary in accordance with what we conceive to be the preponderance of the evidence. Congress has instructed us that the factual findings of the Secretary, if supported by substantial evidence, shall be conclusive. We would be derelict in our duties if we simply paid lip service to this rule, while shaping our holding to conform to our own interpretation of the evidence." (citations omitted)).