Lesterhuis v. Colvin

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

————————

August Term, 2015

(Submitted: October 30, 2015      Decided: November 6, 2015)

Docket No. 14-3779

————————

MARC LESTERHUIS,

*Plaintiff-Appellant*,

—v.—

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

*Defendant-Appellee*.

————————

B e f o r e:

KATZMANN, *Chief Judge*, POOLER and CHIN, *Circuit Judges*.

————————

1

Appeal from a judgment of the district court (Wolford, *J.*), granting the defendant's motion for judgment on the pleadings. We hold that the Social Security Administration administrative law judge's determination that the plaintiff was not disabled is not supported by substantial evidence in the record, which includes a medical opinion submitted only to the Social Security Administration's Appeals Council, but not to the administrative law judge. We therefore VACATE the district court's judgment and REMAND to the Commissioner for further proceedings.

———————————

William J. McDonald, Jr., Bond, McDonald & Lehman, P.C., Geneva, New York, *for Plaintiff-Appellant*.

Andreea Lechleitner, Special Assistant U.S. Attorney, and Stephen P. Conte, Regional Chief Counsel, Region II, Office of the General Counsel, Social Security Administration, *for* William J. Hochul, Jr., U.S. Attorney for the Western District of New York, New York, New York, *for Defendant-Appellee*.

———————————

PER CURIAM:

A Social Security Administration ("SSA") administrative law judge ("ALJ") denied Plaintiff-Appellant Marc Lesterhuis's application for Social Security disability benefits. After the SSA's Appeals Council denied review of the ALJ's decision, Lesterhuis sought review of the agency's determination in the U.S. District Court for the Western District of New York (Wolford, *J.*), which granted the defendant's motion for judgment on the pleadings.

This appeal centers on a medical opinion provided by one of Lesterhuis's treating physicians, Dr. Donovan Holder. Lesterhuis submitted Dr. Holder's opinion to the Appeals Council, not to the ALJ. The Appeals Council added Dr. Holder's opinion to the record, but it nevertheless summarily denied review of the ALJ's decision. Lesterhuis now argues both that the Appeals Council erred by failing to provide an explanation for why it disregarded the treating physician's opinion and that the ALJ's decision is not supported by substantial evidence in light of Dr. Holder's opinion.[1]

We hold that the ALJ's determination is not supported by substantial evidence in the record. Accordingly, we VACATE the district court's judgment and REMAND to the Commissioner for further proceedings.

## BACKGROUND

Lesterhuis is currently forty-seven years old. He has an eleventh-grade education and worked for twenty-two years as a heavy truck driver for Golden State Foods. Lesterhuis experienced serious back pain in the aftermath of a June 9,

---

[1] Lesterhuis also argues that the ALJ erred by failing to provide adequate support for his determination regarding Lesterhuis's credibility. We need not reach this issue because we vacate in full for an independent reason.

3

2008 injury. He left work in July 2008, but tried unsuccessfully to return to work on light duty for a few weeks in September 2008. Lesterhuis has undergone a series of treatments, including surgery, for his injury, but these treatments have not significantly improved his condition.

Lesterhuis eventually filed a claim for Social Security disability benefits on January 8, 2009, alleging a disability onset date of July 12, 2008. The claim was initially denied on May 15, 2009. Lesterhuis then timely filed a request for an administrative hearing.

As part of the administrative hearing process, a number of doctors provided medical opinions about Lesterhuis's condition. Dr. Glenn Rechtine, one of Lesterhuis's treating physicians, concluded, in a December 2008 opinion, that Lesterhuis can "perform[] light duty work on a part-time basis," "can lift up to 10 pounds frequently[,] can stand and walk occasionally with frequent changes in position," and "can bend, squat[,] . . . do overhead activities occasionally, arm and leg controls occasionally." A.R. 276.

Dr. Richard Byrne, an examiner for the workers' compensation carrier, expressed concern about Lesterhuis's ability to return to full-duty work. He

concluded that Lesterhuis could be employed full-time in a light-duty capacity doing sedentary activities but required the ability to change positions frequently for comfort. According to Byrne, Lesterhuis "could do limited walking," but "no climbing, . . . repetitive stooping, bending[,] or reaching activities." A.R. 367, 374. "He could be called upon on an occasional basis to push, pull[,] or lift objects in the 5-10 pound range." *Id.* Dr. Byrne also stated that Lesterhuis has a "temporary, marked, partial disability of the lower back." A.R. 448.

Dr. M. Gordon Whitbeck, Jr., was Lesterhuis's treating orthopedic surgeon. He opined on multiple occasions that Lesterhuis is temporarily totally disabled. Additionally, he concluded that Lesterhuis should avoid the extreme ranges of motion in the lumbar spine and not lift anything heavier than five to ten pounds.

George Sirotenko, a consultative examiner, concluded that Lesterhuis suffers from a history of discogenic disease, anxiety, and depression and that he has "[m]oderate limitations regarding prolonged standing, walking, stairs, inclines[,] or ladders." A.R. 336. Sirotenko warned that Lesterhuis should avoid lumbar spine forward flexion, extension, and rotation and should avoid lifting anything over his head.

Another consultative examiner, Maryanne Hamilton, Ph.D., examined Lesterhuis's mental state, concluding that he suffers from anxiety and depressive disorders, is mildly impaired in relating adequately with others, and is moderately impaired in dealing with stress due to pain and anxiety.

Additionally, a vocational expert, Peter Mantee, testified at the administrative hearing that an employee like Lesterhuis who missed four days of work per month would be precluded from performing any jobs available in large numbers in the national economy.

After considering this and other evidence, the ALJ issued a decision on September 23, 2010. The ALJ applied the standard five-step sequential evaluation for determining whether a claimant is disabled.[2] He determined that, given Lesterhuis's age, work experience, education, and residual functional capacity, he could perform jobs that exist in significant numbers in the national economy, such

---

[2] The Commissioner has established a five-step sequential evaluation for adjudication of disability claims, set forth at 20 C.F.R. § 404.1520. First, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. *Id.* § 404.1520(b). If so, the claimant is not disabled. Second, if the claimant is not working, the Commissioner must determine whether the claimant has a "severe" impairment, *i.e.,* an impairment that limits his ability to do physical or mental work-related activities. *Id.* §§ 404.1520(c), 404.1521. If not, the claimant is not disabled. Third, if there is a severe impairment, the Commissioner determines if the impairment meets or equals the criteria of a *per se* disabling impairment contained in Appendix 1 to 20 C.F.R. Part 404, Subpart P (Listings of Impairment). 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the claimant's impairment does not meet or equal a listed impairment, before proceeding to step four, the Commissioner determines, based on all the relevant medical and other evidence of record, the claimant's "residual functional capacity," which is what the claimant can still do despite the limitations imposed by his impairment. *Id.* §§ 404.1520(a)(4), (e), 404.1545(a). Fourth, the Commissioner considers whether the claimant's residual functional capacity permits him to return to his past relevant work. *Id.* §§ 404.1520(e), (f), 404.1560(b). If so, the claimant is not disabled. Fifth, if the claimant cannot return to his past work, the Commissioner considers, based on the claimant's residual functional capacity and vocational factors, whether the claimant can do other work existing in significant numbers in the national economy. *Id.* §§ 404.1520(g), 404.1560(c). If so, the claimant is not disabled.

as "call out operator" and "surveillance system monitor." A.R. 45–46. The ALJ also determined that Lesterhuis had a residual functional capacity to perform sedentary work but added a long list of limitations.

After the ALJ issued his decision, Lesterhuis timely filed a request for review to the Appeals Council. As part of his appeal, Lesterhuis submitted several pieces of new evidence, which the Appeals Council added to the record. As relevant to this appeal, Lesterhuis provided to the Appeals Council the medical opinion of another treating physician, Dr. Donovan Holder. Dr. Holder concluded in part that Lesterhuis: (1) can only occasionally reach, push, and pull; (2) can stand and walk for only one hour each in an eight-hour workday; (3) can lift and carry less than ten pounds for two to three hours per day; (4) is required to alternate between sitting and standing; (5) is likely to be absent from work more than four days per month; (6) has symptoms that are frequently severe enough to interfere with the attention and concentration needed to perform even simple work tasks; and (7) should not work more than four hours per day. A.R. 481–82.

On September 12, 2011, the Appeals Council summarily denied review after adding Dr. Holder's medical opinion and several other exhibits to the record. The Appeals Council wrote: "We found no reason under our rules to review the [ALJ's] decision. Therefore we have denied your request for review." A.R. 3. The Council added: "In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the [ALJ's] decision." A.R. 3–4.[3]

On December 11, 2012, Lesterhuis filed this action in the Western District of New York, appealing the Commissioner's final decision on a number of grounds. The district court granted the Commissioner's motion for judgment on the pleadings and dismissed Lesterhuis's complaint in a judgment entered on August 13, 2014. A notice of appeal was timely filed.

---

[3] The additional evidence listed on the enclosed Order of Appeals Council includes Dr. Holder's opinion. A.R. 6.

**DISCUSSION**

On appeal, Lesterhuis argues that the Appeals Council erred by failing to provide an explanation for why it disregarded the treating physician's opinion and that the ALJ's decision is not supported by substantial evidence in light of Dr. Holder's opinion.

"[N]ew evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision." *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996). "The only limitations stated in [20 C.F.R. §§ 404.970(b) and 416.1470(b)] are that the evidence must be new and material and that it must relate to the period on or before the ALJ's decision." *Id.* In this case, the parties agree that Dr. Holder's opinion was properly included in the record, as it was new, material, and related to the relevant time period.

Once evidence is added to the record, the Appeals Council must then consider the entire record, including the new evidence, and review a case if the "administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b). If the Appeals

Council denies review of a case, the ALJ's decision, and not the Appeals

Council's, is the final agency decision. *See Perez*, 77 F.3d at 44. Because the

Appeals Council denied review in this case, our review focuses on the ALJ's

decision. *See* 42 U.S.C. § 405(g) ("Any individual, after any *final decision* of the

Commissioner . . . , may obtain a review of such decision by a civil action . . . ."

(emphasis added)).

When reviewing the Commissioner's decision, we bear in mind that the

ultimate determination of whether a person has a disability within the meaning of

the Act belongs to the Commissioner. *See Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir.

1999). We "review the entire administrative record, which includes the new

evidence, and determine, as in every case, whether there is substantial evidence to

support the decision of the Secretary." *Perez*, 77 F.3d at 46; *see also* 42 U.S.C.

§ 405(g). Substantial evidence is "more than a mere scintilla" and "means such

relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison

Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Additionally, on appeal, we may not

"affirm an administrative action on grounds different from those considered by

11

the agency." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)).

The claimant bears the ultimate burden of proving that he was disabled throughout the period for which benefits are sought. *See* 20 C.F.R. § 404.1512(a). The claimant is required to demonstrate that he was unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Here, Lesterhuis argues that the ALJ's decision was not supported by substantial evidence, particularly in light of treating physician Dr. Holder's medical opinion, which was added to the record by the Appeals Council. We agree that, on the facts of this case, the ALJ's decision was not supported by substantial evidence because the new evidence contradicted the ALJ's conclusion in important respects. *See Perez*, 77 F.3d at 47. Specifically, Dr. Holder is a treating physician who provided an opinion that is (1) generally entitled to controlling weight, (2) likely dispositive on the issue of disability (if entitled to controlling weight), and (3) uncontroverted by other evidence in the record.

First, Dr. Holder is a treating physician, so SSA regulations give his opinions "controlling weight" so long as they are "well-supported by medically acceptable . . . techniques and [are] not inconsistent with the other substantial evidence in [the record]." 20 C.F.R. § 404.1527(c)(2). On remand, the ALJ might conclude that Dr. Holder's opinion is not entitled to any weight, much less controlling weight, but that determination should be made by the agency in the first instance, and we should refrain from "affirm[ing] an administrative action on grounds different from those considered by the agency." *Burgess*, 537 F.3d at 128 (quoting *Melville*, 198 F.3d at 52).

Second, at least one of Dr. Holder's opinions would, if given controlling weight, be dispositive as to disability given the other evidence in the record. Specifically, we focus on Dr. Holder's opinion that Lesterhuis is likely to be absent from work more than four days per month. *See* A.R. 481. In testimony before the ALJ, vocational expert Peter Mantee offered uncontroverted testimony that, if an employee like Lesterhuis missed four days of work per month, it would preclude that claimant's ability to perform any jobs available in large numbers in the national economy. *See* A.R. 71. Based on Mantee's uncontroverted testimony, Dr.

13

Holder's conclusion that Lesterhuis would likely miss more than four days of work per month would, if credited, suffice on its own to support a determination of disability.

Third, the parties identify nothing in the record that contradicts Dr. Holder's conclusion about the number of days each month that Lesterhuis is likely to be absent from work. Even though the district court concluded, without explanation, that portions of Dr. Holder's opinion are contrary to the observations and opinions of doctors Byrne, Rechtine, and Whitbeck, nothing in the record calls into question Dr. Holder's conclusion that Lesterhuis is likely to miss more than four days of work per month. The record therefore does not include any contrary "substantial evidence" that would support the ALJ's conclusion regarding disability based on the number of work days that Lesterhuis would miss per month.

Additionally, the ALJ had before him one other piece of evidence that *supported* Dr. Holder's conclusion: the opinion of the non-doctor therapist Frank Williams, who concluded that Lesterhuis would miss more than four days of work per month. The ALJ gave "no to little weight" to Williams's opinion because

14

Williams "is a therapist and not an acceptable medical source." A.R. 44. The same critique does not apply, however, to the opinion of Dr. Holder, who, the parties agree, is a medical expert. As such, the basis for the ALJ's rejection of Williams's opinion does not provide substantial evidence to call into question Dr. Holder's opinion.

In concluding that the ALJ's decision was supported by substantial evidence, the district court identified a number of gaps in Dr. Holder's knowledge of Lesterhuis's condition. But the district court's substantive critique of Dr. Holder's opinions places courts, and not the SSA, in the position of making factual and medical determinations about the evidence before the agency. Neither the ALJ nor the Appeals Council analyzed the substance of Dr. Holder's opinion, and we may not "affirm an administrative action on grounds different from those considered by the agency." *Burgess*, 537 F.3d at 128 (quoting *Melville*, 198 F.3d at 52).

Accordingly, based on the record before us, which includes Dr. Holder's opinion, we hold that the ALJ's decision is not supported by substantial evidence in the record. We note, however, that we reach no conclusions about the full

15

range of circumstances in which an ALJ's decision is, or is not, supported by substantial evidence. Additionally, because we hold that the ALJ's decision was not supported by substantial evidence, we need not consider Lesterhuis's alternative argument that the Appeals Council has an independent obligation to provide "good reasons" before declining to give weight to the new, material opinion of a treating physician submitted only to the Appeals Council and not to the ALJ. *See* 20 C.F.R. § 404.1527(c)(2).

## CONCLUSION

For the reasons stated herein, we **VACATE** the district court's judgment and **REMAND** to the Commissioner for further proceedings.