**Carmen FELICIANO, Plaintiff,**

v.

**Carolyn W. COLVIN, Acting Commissioner of Social Security, Defendant.**

**14 cv 9088 (PKC)**

United States District Court,
S.D. New York.

Signed January 8, 2016

Christopher James Bowes, Shoreham, NY, for Plaintiff.

Leslie A. Ramirez–Fisher, United States Attorney's Office, New York, NY, for Defendant.

## MEMORANDUM AND ORDER

CASTEL, U.S.D.J.

Plaintiff Carmen Feliciano seeks judicial review of a final decision by the Commissioner of Social Security (the "Commissioner") that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. § 1381 et seq. Plaintiff asserts that the "Commissioner's decision finding plaintiff 'not disabled' is not supported by substantial evidence and is based on errors of law." (Dkt. No. 1, Compl. ¶ 16.)

Plaintiff and defendant have each moved for judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P. (Dkt. No. 11, 17.) For the reasons set forth below, defendant's motion for judgment on the pleadings (Dkt. No. 11) is GRANTED, and plaintiff's cross-motion for judgment on the pleadings (Dkt. No. 17) is DENIED.

## PROCEDURAL HISTORY

On January 23, 2008, plaintiff Carmen Feliciano applied to the Social Security Administration ("SSA") for SSI, alleging disability beginning January 2005 due to depression, hepatitis C, asthma, and hearing loss. (R. 94.)[1] The SSA initially denied plaintiff's claim on May 2, 2008. (R. 47–56.) Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ"). A hearing before the ALJ was held on June 3, 2009. (R. 18–35.)

In a written decision dated June 8, 2009, ALJ Robin Artz denied plaintiff's claim for benefits, concluding that plaintiff engaged in substantial gainful activity during the relevant period and therefore was not disabled under the Act. (R. 7–10.) The Appeal's Council denied plaintiff's request for review on January 24, 2011. (R. 4–6.) Plaintiff filed suit in the United States District Court, but the case was subsequently remanded to the SSA for further proceedings by consent of the parties. See Stipulation and Order of Remand, Feliciano v. Astrue, 11 cv 03756 (S.D.N.Y. 2011) (Dkt. No. 5.) In an order dated July 26, 2012, the Appeals Council vacated the final decision of ALJ Artz and remanded the case to ALJ Michael Friedman, who held a supplemental hearing on February 28, 2013. (R. 458–84.)

In a written decision dated April 15, 2013, the ALJ denied plaintiff's claim for benefits. (R. 441–54.) He found that plaintiff had not engaged in substantial gainful activity and had the following severe impairments: "asthma; hepatitis C; degenerative disc disease and herniated disc, cervical spine; and, depression with anxiety." (R. 448.) However, the ALJ determined that plaintiff's impairments did not "meet[ ] or medically equal[ ] the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix I." (R. 449.) The ALJ concluded that plaintiff had the residual functional capacity ("RFC") to perform light work,[2] "except involving simple, routine, repetitive tasks, involving only occasional interaction with others, and free of pulmonary irritants." (R. 451.) He noted that plaintiff had no past relevant work experience, but determined that "there are jobs that exist in significant numbers in the national economy that the [plaintiff] can perform." (R. 453.) Accordingly, the ALJ concluded that plaintiff was not disabled under section 1614(a)(3)(A) of the Act. (R. 454.)

---

**1.** Citations to "(R. ___.)" refer to the certified copy of the administrative record of proceedings filed by the Commissioner as part of the answer. (Dkt. No. 7.)

**2.** "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b).

Plaintiff appealed the decision of the ALJ and submitted new evidence which she claimed added additional support to her claim. (R. 410–440.) On September 11, 2014, the Appeals Council denied plaintiff's request for review. (R. 410.) The Appeals Council concluded that the ALJ properly evaluated all relevant medical evidence, including evidence of plaintiff's cervical spine impairment and her social isolation and related mental limitations. (R. 410–11.) Furthermore, the Appeals Council acknowledged that plaintiff submitted new evidence, but concluded that "the new treatment records do not contain evidence sufficient to warrant reversal of the Administrative Law Judge's final decision." (R. 411.) Plaintiff filed a timely action in this Court seeking review of the Commissioner's final decision. (Dkt. No. 1.) Both parties moved for judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P. (Dkt. No. 11, 17.) Plaintiff claims that the Appeals Council erred in determining that the new evidence presented did not warrant reversal of the ALJ's decision. (Pl.'s Br. 1, 13 (Dkt. No. 18.))

EVIDENCE BEFORE THE ALJ

a. Non–Medical Evidence

Plaintiff was born on May 27, 1962. (R. 80.) She was 45 years old at the time she filed for disability benefits, January 23, 2008,[3] and 50 years old at the time of her most recent hearing before the ALJ. (R. 106, 458.) She completed tenth grade, and has no other schooling or training. (R. 25, 100.) Plaintiff previously worked as a part-time babysitter from 2004 to 2006. (R. 25, 96.) She currently lives in an apartment with her daughter. (R. 464.) She testified that she cannot go grocery shopping on her own, and has not otherwise left her apartment by herself in approximately two

years. (R. 469, 472.) Plaintiff sometimes cooks, but is unable to clean her apartment. (R. 469.) In her spare time, she reads and watches television. (Id.)

Plaintiff also testified about her diagnoses and the symptoms that she claims renders her disabled. She testified that she has a protruding disc in the back of her neck that causes pain all the way down her spine. (R. 465.) Due to the pain, plaintiff testified that she is only able to stand or sit for five minutes at a time and cannot lift more than five pounds. (R. 468.) She also has additional pain in her lower back due to arthritis. (R. 465.) Although she has tried exercise and physical therapy in the past, plaintiff alleges that only pain medication has helped. (Id.) She also suffers from asthma, but has not had to go to the emergency room for asthma-related issues in the past year. (R. 466.) Plaintiff also noted that she recently had a liver biopsy performed for problems related to her hepatitis C. (R. 464–66.) In addition to her physical conditions, plaintiff testified that she suffers from depression. (R. 467.) She has seen a therapist twice a week, a psychiatrist once a month, and is also on medication. (Id.) However, plaintiff testified that her treatment was not helping, and that her depression continues to make it difficult for her to concentrate and to be around people. (R. 467–68, 470.)

Vocational expert Melissa Fass Karlin testified at the administrative hearing. (R. 477–83, 538–39.) The ALJ asked Ms. Karlin, hypothetically, whether there were jobs in the national or regional economy that plaintiff could perform if she had an RFC to perform light work with only occasional interaction with others and exposure to no pulmonary irritants. Ms. Karlin testi-

---

**3.** Although plaintiff alleges that her disability began on January 1, 2005 (R. 80), claimants are only eligible for supplemental security income starting a month after the date of filing for benefits. See 20 C.F.R. § 416.335.

fied that such a person could be a routing or mail clerk. (R. 478–81.) Ms. Karlin also testified that if plaintiff's RFC only allowed her to perform sedentary work, then she would not be able to perform these jobs. (R. 482.) Mr. Karlin also noted that plaintiff would be unable to perform these jobs if she "could only use their hands for occasional reaching, handling and fingering." (Id.)

### b. Medical Records

Plaintiff's medical records indicate treatment for plaintiff's various impairments. Prior to filing for disability benefits on January 23, 2008, plaintiff received a liver biopsy, which revealed that she had hepatitis C, but no cirrhosis. (R. 586.) Medical records dated August 28, 2007 indicate that plaintiff continued to receive treatment for hepatitis C. (R. 310–11, 316.) On November 20, 2007, an examination revealed mild enlargement of the liver. (R. 599–600.)

Plaintiff also has a long history of depression and related symptoms. On August 29, 2007, plaintiff reported feeling "very anxious and helpless when frustrated." (R. 326.) She attempted suicide in the past by cutting her wrist and overdosing on aspirin, to which she is allergic. (R. 327.) She reported feeling depressed and having trouble sleeping nearly every day. (Id.) Doctors diagnosed her with severe depression and a major depressive disorder. (R. 323, 328.) While doctors recommended plaintiff engage in limited lifting, walking, climbing, kneeling, grasping, pulling, bending, reaching, and pushing (R. 316), they delayed assessing her functional capacity due to her unstable health conditions. (R. 316, 324.)

Plaintiff also began reporting symptoms of back pain in January 10, 2008. (R. 557.) On April 9, 2008, she reported both lower back pain and upper back pain. (R. 555.)

Dr. Christina Langdon prescribed a Lidoderm patch. (Id.) On July 31, 2008, she reported lower back pain, which was accompanied by cramping. (R. 553.) Test results from September 10, 2008 show plaintiff having a normal lumbar spine, but images of the cervical spine revealed "moderate disc space narrowing ... at C5/C6 with neural foramina narrowing. (R. 595–97.) Doctors concluded that plaintiff had moderate degenerative disc disease at the C5/C6 vertebrae. (R. 597.) On January 30, 2009, doctors observed a "straightening of the normal cervical lordosis possibly related to muscle spasm." (R. 589.) In addition, plaintiff suffered from moderate degenerative disc disease at C5/C6 with spondylosis. (Id.) An MRI was performed on March 5, 2009, which revealed mild disc bulge at C3/C4 and C4/C5, diffuse disc bulge, mild spinal canal stenosis, and bilateral mild neural foramina narrowing at C5/C6, as well as left paracentral and left lateral disc herniation superimposed on a diffuse disk bulge and mild left-sided neural foramina narrowing at C6/C7. (R. 544–545.)

### c. Medical Opinion Evidence

### 1. Consulting Physicians

On March 20, 2008, Dr. Aurelio Salon conducted a consultative internal medical examination at the request of the SSA. (R. 374–78.) He noted plaintiff's history with asthma and depression, but reported no current symptoms. (R. 374.) He also noted plaintiff's history with acid reflux and hepatitis C. (Id.) Upon physical examination, plaintiff appeared in no acute distress, had a normal gait, could walk on heels and toes without difficulty, used no assistive devices, and required no help in changing for the exam or getting on and off the exam table. (R. 375–76.) Dr. Salon reported that plaintiff had full movement in her cervical and lumbar spine, and had the full range

of motion of her shoulders, elbows, forearms and wrists. (R. 376.) He also noted that plaintiff "dressed appropriately, maintained good eye contact, and appeared oriented in all spheres." (R. 377.) Based on plaintiff's history and the physical examination, Dr. Salon concluded that "there are no objective findings to support the fact that the claimant would be restricted in ability to sit or stand or in her capacity to climb, push, pull, or carry heavy objects." (Id.) Dr. Salon only stated that plaintiff should avoid respiratory irritants. (Id.)

On March 20, 2008, Dr. Rita Haley performed a psychiatric evaluation of plaintiff at the request of the SSA. (R. 379–82.) Plaintiff reported to Dr. Haley that she currently suffered from difficulty falling asleep, loss of appetite, crying spells, increased irritability, and daily anxiety attacks. (R. 380.) Plaintiff stated that she dresses, bathes, and grooms herself, and can cook, clean, launder, shop, and manage her money. (R. 381.) Dr. Haley observed that plaintiff was adequately groomed, had fluent and clear speech, and was coherent and goal directed. (R. 380.) Ultimately, Dr. Haley diagnosed plaintiff with a mild depressive disorder. (R. 381.) She concluded that plaintiff could "follow and understand simple directions, perform simple tasks, maintain attention and concentration (possibly with some difficulty), maintain a regular schedule, learn new tasks (with some difficulty), perform complex tasks (though she would probably need supervision), make appropriate decisions, and relate adequately with others." (Id.) However, Dr. Haley did note that plaintiff had difficulty dealing appropriately with stress. (Id.)

On March 31, 2008, Dr. M. Morog—a state agency expert—reviewed the record and provided a psychiatric review technique and mental RFC assessment of plaintiff. (R. 383–400.) Dr. Morog concluded that plaintiff had an affective disorder and an anxiety-related disorder which caused mild limitations with respect to maintaining social functioning, and moderate limitations with respect to maintaining concentration, persistence, or pace. (R. 383, 393.) Dr. Morog, however, concluded that plaintiff's affective and anxiety-related disorders do not satisfy the listing requirements to amount to a medically determinable impairment. (R. 386, 388, 394.) Dr. Morog also concluded that plaintiff had the RFC "for concentration, persistence and pace required in the work setting where she would have simple tasks." (R. 399.)

ADDITIONAL EVIDENCE SUBMITTED TO THE APPEALS COUNCIL

Plaintiff submitted new evidence to the Appeals Council, which consisted primarily of medical notes. (R. 410–440.) These notes, dated between September 2011 and February 2013, indicate plaintiff continued to suffer from her impairments. In particular, on September 19, 2011, plaintiff complained of daily headaches, frequent dizziness and loss of balance. (R. 434–35.) While plaintiff noted that she tripped often, she had not fallen down. (R. 434.) Dr. Alla Zilberman, plaintiff's treating physician, diagnosed her with dizziness and headaches and prescribed Meclizine and Amrix. (R. 435.) On April 26, 2012, plaintiff reported migraine headaches that caused blurred vision and dizziness, and neck pain that caused discomfort. (R. 430.) But upon physical examination, plaintiff appeared in no apparent distress, was well nourished and well developed. (R. 431.)

Plaintiff also submitted a medical report dated May 2, 2013 from her treating physician, Dr. Zilberman. Dr. Zilberman treated plaintiff from September 2011 through May 2013, and noted that she was unable to sit, stand or walk for any prolonged period of time. (R. 419–20.) In addition, plaintiff could not lift or carry any weight, bend, squat, climb, or reach. (Id.) Ulti-

mately, Dr. Zilberman concluded that plaintiff is unable to work. (R. 422.)

## LEGAL STANDARD OF REVIEW

A movant is entitled to judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P., if she establishes, based on the pleadings, that she is entitled to judgment as a matter of law. Burns Int'l Sec. Servs., Inc. v. Int'l Union, United Plant Guard Workers of Am., 47 F.3d 14, 16 (2d Cir. 1995); see also Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988) ("Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings.").

■■■ Review of the Commissioner's final decision denying disability benefits is limited, and the decision may not be reviewed de novo. See Cage v. Comm'r of Soc. Sec., 692 F.3d 118, 122 (2d Cir. 2012) (citation omitted). The court must uphold the Commissioner's decision if her findings are free of legal error and supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (citation and quotation marks omitted). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [the court] will not substitute [its] judgment for that of the Commissioner." Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002).

## DISCUSSION

■■■ Plaintiff contends that the ALJ's conclusions are not supported by substantial evidence in light of the new evidence submitted to the Appeals Council. (Pl.'s Br. 1, 13 (Dkt. No. 18.)) On review, the Appeals Council must consider new and material evidence that is submitted where it "relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 416.1470(b); see also Perez v. Chater, 77 F.3d 41, 44 (2d Cir. 1996) ("Social Security regulations expressly authorize a claimant to submit new and material evidence to the Appeals Council when requesting review of an ALJ's decision."). When new evidence is submitted, the Appeals Council will "review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 416.1470(b); see also Rutkowski v. Astrue, 368 Fed.Appx. 226, 229 (2d Cir. 2010). "If the Appeals Council denies review of a case, the ALJ's decision, and not the Appeals Council's, is the final agency decision." Lesterhuis v. Colvin, 805 F.3d 83, 87 (2d Cir. 2015) (citing Perez, 77 F.3d at 44). When reviewing an SSA final decision, a district court must "review the entire administrative record, which includes the new evidence, and determine, as in every case, whether there is substantial evidence to support the decision of the Secretary." Id.; see also Perez, 77 F.3d at 45.

Despite the submission of new evidence, including a report by plaintiff's treating physician, the ALJ's decision is supported by substantial evidence in the record. Neither the new treatment records nor the treating physician's report undermine the ALJ's decision such that the decision is not supported by substantial evidence. See Lesterhuis, 805 F.3d at 87 (holding that a district court must " 'review the entire administrative record, which includes the new evidence, and determine, as in every case, whether there is substantial evidence to support the decision of the Secretary' " (quoting Perez, 77 F.3d at 44)). With respect to the new medical records

submitted on appeal, the records, when considered as a whole, continue to provide substantial evidence supporting the ALJ's decision. While the new medical records indicate that plaintiff suffered from dizziness, gait instability and migraines at times (R. 430, 434), the records also show that plaintiff often did not suffer from such symptoms. (R. 426, 428, 432, 434.) Furthermore, the overwhelming evidence of record previously considered by the ALJ—including reports by three consulting physicians—also indicate that plaintiff's symptoms were not so severe as to prevent her from working. (R. 316, 426–29, 377, 381, 399.) Therefore, even if the limited references in the new records to new symptoms provide substantial evidence in support of a finding of disability, the overall record also support the ALJ's conclusion that plaintiff was capable of performing light work. See DeChirico v. Callahan, 134 F.3d 1177, 1182 (2d Cir. 1998) (upholding the Commissioner's decision where there was substantial evidence both supporting and refuting the Commissioner's decision).

With respect to Dr. Zilberman's report, it is the opinion of plaintiff's treating physician and must generally be accorded controlling weight. 20 C.F.R. § 416.927(c)(2); see Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008) (citations omitted). However, a treating physician's opinion need not be given controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record." Id. Here, the ALJ did not have the opportunity to consider the treating physician's opinion. In Lesterhuis v. Colvin, the Second Circuit confronted a situation in which a treating physician's report was presented for the first time on appeal. There, the court remanded the case back to the SSA for further review "because the new evi-

dence contradicted the ALJ's conclusion in important respects." 805 F.3d at 88 (citing Perez, 77 F.3d at 47). One basis for remand, however, was the fact that the treating physician's opinion was "uncontroverted by other evidence in the record." Id. Unlike Lesterhuis, Dr. Zilberman's report is not uncontroverted by other evidence in the record. To the contrary, the record as a whole demonstrates that Dr. Zilberman's report is not well supported by the record and that substantial evidence continues to support the ALJ's decision that plaintiff was not disabled.

Dr. Zilberman concluded that plaintiff could not sit, stand or walk for any extended period of time, and could not lift or carry any amount of weight. (R. 420.) However, the medical records and consulting physician reports refute Dr. Zilberman's conclusion and directly support the ALJ's conclusion. The medical records show that plaintiff had, at most, limited restrictions on sitting, walking, standing, and lifting. (R. 316). In addition, the new medical examinations indicate that plaintiff often did not suffer from fatigue or gait disturbance, and was found to be well-nourished, well developed and in no apparent distress. (R. 426–29, 432–35.) Furthermore, the reports of all three medical consultants support the ALJ's conclusion. Dr. Salon determined that plaintiff's only work-related restriction was respiratory irritants. (R. 374–78.) Indeed, Dr. Salon concluded that no findings existed to support the fact that "claimant would be restricted in ability to sit or stand or in her capacity to climb, push, pull, or carry heavy objects." (R. 377.) In addition, Dr. Haley diagnosed plaintiff with mild depressive disorder, but concluded that plaintiff could perform simple tasks, follow directions, maintain attention and concentration, and maintain a regular schedule. (R. 381.) Lastly, Dr. Morog also concluded that

plaintiff had the RFC "for concentration, persistence and pace required in the work setting where she would have simple tasks." (R. 399.) These reports, in addition to the medical records, constitute substantial evidence supporting the ALJ's decision that plaintiff could perform light work. See Mongeur v. Heckler, 722 F.2d 1033, 1039 (2d Cir. 1983) (holding that report from consultative physician may constitute substantial evidence to support an opposing opinion of a treating physician); see also Burgess, 537 F.3d at 128; Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999).

CONCLUSION

For the foregoing reasons defendant's motion for judgment on the pleadings (Dkt. No. 11) is GRANTED, and plaintiff's cross-motion for judgment on the pleadings (Dkt. No. 17) is DENIED. The Clerk is directed to enter final judgment for the defendant and close the case.

SO ORDERED.