*Wickham v. Comm'r of Social Security*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand twenty-five.

PRESENT:
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> BETH ROBINSON,
> *Circuit Judges.*

_____

LUCAS ELIJAH WICKHAM,

> *Plaintiff-Appellant,*

> v.                                            No. 24-2045

COMMISSIONER OF SOCIAL SECURITY,

> *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:    CHRISTOPHER JAMES BOWES,
Shoreham, NY.

FOR DEFENDANT-APPELLEE:    CANDACE BROWN CASEY, Special
Assistant U.S. Attorney, Office of the
General Counsel, Social Security
Administration, Baltimore, MD
(Suzanne M. Haynes, Acting
Associate General Counsel, *on the
brief*) *for* Carla B. Freedman, U.S.
Attorney for the Northern District of
New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Katz, *Magistrate Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on May 30, 2024, is **AFFIRMED**.

In this dispute over Supplemental Security Income ("SSI") benefits under the Social Security Act, plaintiff-appellant Lucas Elijah Wickham appeals from the district court's grant of judgment on the pleadings in favor of the Commissioner of Social Security ("Commissioner").[1]

---

[1] The parties agreed to have their case heard by a United States magistrate judge pursuant to General Order No. 18 of the Northern District of New York and 28 U.S.C. § 636(c). Accordingly, no district judge entertained objections to Magistrate Judge Katz's decision, and we have

After two hearings, an administrative law judge ("ALJ") with the Social Security Administration ("SSA") denied Wickham's application for SSI benefits on the ground that he was not disabled under 42 U.S.C. § 1382c. *See* Admin. Record ("R.") at 10–28. The SSA Appeals Council denied Wickham's request for review of this determination. *See* R. at 1–6. Wickham filed a civil action with the district court, which affirmed the Commissioner's decision and dismissed Wickham's complaint. *See Lucas E. W. v. Commissioner of Social Security*, No. 23-cv-849, 2024 WL 2784302, at *18 (N.D.N.Y. May 30, 2024). Wickham appeals. We assume the parties' familiarity with the underlying facts, remaining procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

## I.    Standard of Review and Legal Framework

"On an appeal from the denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion."[2] *Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022). "We conduct a plenary review of the administrative

jurisdiction to hear this appeal of the judgment entered at the magistrate judge's direction. *See* 28 U.S.C. § 636(c)(3).

[2]  In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Rubin v. O'Malley*, 116 F.4th 145, 154 (2d Cir. 2024); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Even if we conclude the evidence is "susceptible to more than one rational interpretation," we can reject an ALJ's factual determination "only if a reasonable factfinder would *have to conclude otherwise*." *Schillo*, 31 F.4th at 74 (emphasis in original).

The Commissioner's disability assessment follows a five-step process. *Rubin*, 116 F.4th at 147; *see also* 20 C.F.R. § 416.920(a)(4) (prescribing five-step analysis). First, the Commissioner determines whether the applicant is currently engaged in substantial gainful activity. *See* 20 C.F.R. § 416.920(a)(4)(i). If not, then the Commissioner considers whether the applicant has a physical or mental impairment that is "severe" and has lasted for a continuous period of at least twelve months. *See id.* § 416.920(a)(4)(ii), *see also id.* § 416.909. At step three, the Commissioner considers whether the applicant's impairment is so severe that it meets or equals the criteria for an impairment listed in Appendix 1 to 20 C.F.R., Part 404, Subpart P (the "Listings" or "Listed Impairments"), in which case the

Commissioner would conclude that the applicant is disabled. *See id.* § 416.920(a)(4)(iii). Otherwise, the Commissioner proceeds to step four and considers whether the applicant's residual functional capacity ("RFC") allows the applicant to perform any past relevant work. *See id.* § 416.920(a)(4)(iv). An applicant's "RFC is the most the [applicant] can still do despite [their] limitations that affect what [they] can do in a work setting." *Rubin*, 116 F.4th at 148 n.1. If the applicant cannot perform past work, then at step five, the Commissioner considers whether the applicant can perform *some* work, considering the applicant's RFC, age, education, and work experience. *See* 20 C.F.R. § 416.920(a)(4)(v). If so, then the applicant is not disabled. *See id.*

## II. Listed Impairment for Schizophrenia

Wickham first contends that the ALJ selectively reviewed evidence at step three to conclude that Wickham did not satisfy the requirements for schizophrenia as a Listed Impairment. Paragraph B[3] of the listing criteria for schizophrenia requires that an applicant has "[e]xtreme limitation of one, or marked limitation

---

[3] There are other requirements for schizophrenia as a Listed Impairment, including medical documentation of delusions or hallucinations, disorganized thinking, or grossly disorganized behavior. *See* Paragraph A, Listing 12.03, Appendix 1 to 20 C.F.R., Part 404, Subpart P; *see also id.* at Paragraph C. In this Court, Wickham does not contest the ALJ's findings with respect to Paragraphs A or C.

5

of two, of the following areas of mental functioning:" (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; or (4) adapt or manage oneself. Listing 12.03, Appendix 1 to 20 C.F.R., Part 404, Subpart P. An "extreme limitation" means that an applicant is "not able to function" in a certain area, *id.* at Listing 12.00F(2)(e), and a "marked limitation" means that the applicant's functioning in a certain area is "seriously limited," *id.* at Listing 12.00F(2)(d).

Substantial evidence supports the ALJ's conclusion that Wickham had (1) no limitation in his ability to understand, remember, or apply information; (2) moderate limitation in his ability to interact with others; (3) moderate limitation in his ability to concentrate, persist, or maintain pace; and (4) moderate limitation in his ability to adapt or manage himself. *See* R. at 14–16. The ALJ adopted the conclusions of the state agency review psychologists—Dr. J. Ochoa, Dr. M. Momot-Baker, and Dr. Frank Gonzales—with respect to each of the four factors listed in Paragraph B, *see id.* at 159, 173–74, 191–92, implicitly rejecting the conclusions of other clinicians who concluded that Wickham had potentially marked limitations in one or more of the Paragraph B categories. In turn, the state agency review psychologists' opinions have support in the record, which indicates

that Wickham missed several weeks of school in late 2018 before receiving treatment for depression, anxiety, and schizophrenia, but then caught up and returned to school in early 2019, after he began treatment. His mental health care providers noted throughout treatment in 2019, 2020, and 2021 that Wickham was well-groomed, cooperative, presented no evidence of delusion, and had intact cognitive functioning. Despite complaining of anxiety symptoms that made it impossible for Wickham to interact with others outside his home, Wickham reported social outings with friends on several occasions throughout his treatment, and various providers reported that his interactions with them were appropriate. And in testing administered by his school district in 2019, Wickham scored average—or close to average—in most areas of cognitive functioning, academic skills, and social and emotional functioning.

The above medical opinions, supported by the record more broadly, constitute substantial evidence to support the ALJ's conclusion that Wickham does not meet the Paragraph B requirements for Listing 12.03, and we will not reweigh the evidence. *See Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (summary order) ("[W]hether there is substantial evidence supporting the

7

appellant's view is not the question here; rather, we must decide whether substantial evidence supports *the ALJ's decision*." (emphasis in original)).

### III. Nurse Practitioner Hance's Opinion

Wickham next contends that the ALJ erred in finding the opinion of one of his providers, Nurse Practitioner ("NP") Amanda Hance, to be unpersuasive. Because Wickham filed his claim for SSI after March 27, 2017, the ALJ's review of medical opinions was governed by 20 C.F.R. § 416.920c. *Cf. Schillo*, 31 F.4th at 69 (explaining that the "treating physician rule," affording particular weight to well-supported opinions from a treating physician, applied to claims filed before March 27, 2017). That regulation requires the ALJ to consider supportability and consistency when evaluating the weight to give a medical opinion. *See* 20 C.F.R. § 416.920c(a). Specifically, the "more relevant the objective medical evidence and supporting explanations" underlying the medical opinion, the more persuasive the medical opinion should be. *Id.* § 416.920c(c)(1). And the "more consistent a medical opinion[] . . . is with the evidence from other medical sources and nonmedical sources in the claim," the more persuasive the medical opinion should be. *Id.* § 416.920c(c)(2).

Substantial evidence supports the ALJ's conclusion that NP Hance's opinions were "unpersuasive." R. at 25–26. NP Hance concluded, among other things, that Wickham faced marked limitations in his ability to interact appropriately with the public, with supervisors, and with coworkers, as well as marked limitations in his ability to understand and carry out complex instructions, resulting in "difficulties in day-to-day functioning." *Id.* at 872–75. However, as the ALJ noted, NP Hance's own progress notes do not support a finding that Wickham has ever suffered from poor cognitive functioning; testing by Wickham's psychiatrist placed his cognitive functioning in the average range; and NP Hance's conclusion was not based on formal testing—all conclusions supported by substantial evidence. *See id.* at 26; *see also id.* at 799–800, 808–09, 816 (NP Hance's notes describing Wickham's judgment and insight as "good," his thought process as "logical," and his cognitive function as "intact"). Likewise, substantial evidence supports the ALJ's assessment that NP Hance's conclusions about Wickham's social limitations had "no support" in NP Hance's own treatment notes, *id.* at 26; instead, as the ALJ noted, NP Hance's notes document that Wickham did "not have any problems interacting with his friends." *Id.*; *see id.* at 860–62 (NP Hance's

notes documenting Wickham's social outings with friends); *see also id.* at 844–48, 1082 (other providers' descriptions of Wickham's social interactions).

Accordingly, there is substantial support in the record to support the ALJ's finding that NP Hance's opinions were unpersuasive.

## IV.   Supplemental Records Before the Appeals Council

Finally, Wickham contends that remand is appropriate because the ALJ did not consider complete medical records from United Helpers that became part of the record only after the ALJ decision, when Wickham submitted them to the Appeals Council as part of his administrative appeal. *See id.* at 52–152. Where, as here, the Appeals Council denied review of an ALJ's decision even though the Appeals Council had access to new evidence that the ALJ didn't have, we "review the entire administrative record, which includes the new evidence" and determine whether substantial evidence supports the ALJ's decision. *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015).

The new evidence is generally consistent with the evidence considered by the ALJ, and the Appeals Council did not err by declining review based on that new evidence. The new records indicate that Wickham continued with treatment through the spring of 2021 and was able to complete his schoolwork, despite

feeling low in motivation. The new records also indicate that Wickham lived successfully on his own, helped with household chores, and saw a group of friends from time to time. Nothing about those records casts doubt on our earlier conclusion that there is substantial evidence to support the conclusion that Wickham is not disabled under the Social Security Act.

* * *

Accordingly, the district court's judgment is **AFFIRMED**.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court